UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.  **SACV 12-142-DOC (RNBx)**                             Date: **February 9, 2012**

Title: **Albert John Vincent, et al. v. BCC Partners, LLC**
**DOCKET ENTRY**

PRESENT:

      **HON. ROBERT N. BLOCK, UNITED STATES MAGISTRATE JUDGE**

| Kerri Hays | n/a |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:    ATTORNEYS PRESENT FOR DEFENDANTS:
   None present                                                                      None present

**PROCEEDINGS:  (IN CHAMBERS)**

    **Petitioners' Petition to Compel Compliance with Subpoena, filed January 27, 2012**

    On or before February 24, 2012, petitioners are ordered to show cause in writing why the Court should not order their Petition off calendar and deny it for the following reasons:

    1.    Subpoenas are governed by Fed. R. Civ. P. 45.  While Rule 45(c)(2)(B)(i) contemplates that a party serving a subpoena duces tecum may move to compel the production of documents responsive to the subpoena in the face of an objection to production, here BCC did not timely serve any objections to the subpoena.  No other provision in Rule 45 contemplates the filing of a motion (or petition) to compel compliance with a subpoena.

    2.    The only sanction available where a non-party witness fails without adequate excuse to obey a subpoena is a contempt citation.  See Fed. R. Civ. P. 45(e); Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial, ¶ 11:2318 (2009 rev. ed.); see also Echostar Satellite L.L.C. v. Viewtech, Inc., 2010 WL 653186, at *1 (E.D. Cal. Feb. 22, 2010) ("If the recipient fails or refuses to respond to the subpoena, the proponent may first try to negotiate compliance, as by offering to meet and confer, but ultimately, if the recipient fails to comply without adequate excuse, the recipient is in contempt of court, and the proponent must file an application for an order to show cause why a contempt citation should not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.: SACV 12-142-DOC (RNBx) February 9, 2012
    **Albert John Vincent, et al. v. BCC Partners, LLC**     Page 2

-----------------------------------------------------------------------------------------------------------------------

issue.").

       3.    Magistrate Judges lack contempt authority, except in limited circumstances not applicable to petitioners' Petition. See 28 U.S.C. § 636(e). Moreover, under Central District General Order 05-07, "applications or motions seeking contempt except as provided in 28 U.S.C. § 636(e) or any successor statute" may not be referred to the assigned Magistrate Judge.

cc:    Judge Carter